**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**THOMAS DESPART,**

    **Plaintiff,**

vs.                             **CASE NO. 4:20-CV-253-MW-MAF**

**STATE ATTORNEY GENERAL,
ASHLEY MOODY, AND
FLORIDA GOVERNOR,
RON DESANTIS**

    **Defendants.**
_____/

**REPORT AND RECOMMENDATION**

This Cause comes before the Court upon *sua sponte* review of the record. Plaintiff, a prisoner currently housed at the Florida Civil Commitment Center in Arcadia, is proceeding *pro se* and was granted permission to proceed *in forma pauperis* (IFP). ECF No. 4. For the reasons stated below, the case should be dismissed for Plaintiff's failure to prosecute his case and failure to comply with court orders. The procedural history of this case warrants discussion.

**I.   Relevant Procedural History**

Plaintiff initiated this case by submitting a complaint, pursuant to 42 U.S.C § 1983 but not on the proper form. ECF No. 1. Although the Court

granted Plaintiff's motion to proceed IFP, the order also directed Plaintiff to file an amended complaint on the proper form no later than June 16, 2020. ECF No. 4. The Court then granted Plaintiff an extension of time to file the amended complaint, until July 17. ECF No. 7. Plaintiff filed a motion to voluntarily dismiss certain grounds, a motion for extension of time to amend, and a first amended complaint, still not on the proper form, all in short succession. ECF Nos. 8, 9, 10. Again, the Court granted Plaintiff's motions and ordered him to properly amend by August 6, 2020, ECF No. 11. Plaintiff filed a second amended complaint asking to have his voting rights restored by the November 2020 election. ECF No. 12. Again, the complaint was deficient; and the Court ordered Plaintiff to amend by August 25, 2020. ECF No. 13. Instead, Plaintiff filed a motion seeking permission to not comply with Rule 10 and another motion for extension of time. ECF Nos. 14, 15. The Court denied the motion regarding Rule 10 and ordered Plaintiff to amend by September 28, 2020. ECF No. 16. Plaintiff filed a third amended complaint, but not on the proper form. ECF No. 17. Again, the Court deemed the complaint insufficient and directed Plaintiff to file his fourth amended complaint no later than October 5, 2020.

As of the date of the drafting of this Report and Recommendation, Plaintiff has not filed the fourth amended complaint in order to correct the deficiencies identified by the Court.

## II. Discussion

The Eleventh Circuit has explained that "[a] district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (quoting Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991)). Such authority includes the power to dismiss a case for failure to prosecute or for failure to comply with a court order under Fed. R. Civ. P. 41(b). Id.

Dismissal of the complaint is warranted under Rule 41(b). "The legal standard to be applied under Rule 41(b) is whether there is a clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985) (internal quotes omitted); accord. Gratton v. Great American Communications, 178 F.3d 1373, 1374 (11th Cir. 1999). Moreover, this Court cannot proceed with a complaint that fails to comport with the Rules.

It is apparent that Plaintiff seeks to challenge Florida laws concerning the voting rights of felons. ECF No. 17. What is not apparent is whether

Plaintiff contends that he is unable to vote because he is a "sex offender" or because he "does not have the funds to pay off any outstanding fees or fines," or both. Id., p. 5.

Plaintiff's third amended complaint quotes, at length, from various statutes. However, Plaintiff did not provide a clear statement of facts which explains how the specific provisions apply to him. Quoting statutes is not enough. A complaint must assert facts showing how Plaintiff's constitutional rights are impacted by that statute. See N.D. Fla. Loc. R. 5.7(B) ("A [*pro se* civil rights] . . . complaint . . . must set out specific claims and supporting facts . . . "); see also Federal Rules of Civil Procedure 8 and 10. Indeed, Plaintiff solely provided legal conclusions without clear factual allegations. ECF No. 17.

The Court advised Plaintiff that the complaint must be clear on the alleged constitutional violations. ECF No. 18. p. 2. The Court included citations to Jones v. DeSantis, Case No. 4:19-cv-300-RH/MJF, 2020 WL 2618062, at *2 (N.D. Fla. May 24, 2020) and McCoy v. Governor of Fla., Case No. 20-12003-AA, 2020 WL 4012843 (11th Cir. July, 1, 2020) (noting that plaintiffs assert "the pay-to-vote system discriminates against citizens who are unable to pay in violation of the Equal Protection Clause," and also

violates the Twenty-Fourth Amendment, the Eighth Amendment's ban on excessive fines, among other claims). Id., pp. 2-3.

The Court advised Plaintiff to consider the recent Jones decision: "Florida's longstanding practice of denying an otherwise qualified citizen the right to vote on the ground that the citizen has been convicted of a felony is not, without more, unconstitutional." Id., p. 3. Therefore, if this was "the sum of Plaintiff's complaint, it will not succeed." Id. Notably, the claims raised in Jones did not involve felons convicted of murder or sexual offenses. The recent amendment to the Florida Constitution, Amendment 4, automatically restored the voting rights to some felons but did not include persons "convicted of murder or a felony sexual offense." Fla. Const. art. VI § 4.

Plaintiff's complaint did not clearly state whether he was challenging the fact that the state permits some felons to vote but not others. Plaintiff is a felon who was convicted of an unspecified sex offense. ECF No. 17, p. 2. The Court further advised Plaintiff to articulate whether he was asserting a claim that was unable to pay fines or a civil lien as part of his criminal penalty, as set out in Jones, but noted that case was, at the time, "on appeal." Id., pp. 4-5. Finally, in its order, the Court warned Plaintiff that failure to comply with court orders may result in a recommendation to dismiss this action. Id., p. 7.

Despite direction from the Court to clarify in a fourth amended complaint whether Plaintiff was challenging the fact that his conviction makes him ineligible to vote or something more, Plaintiff did not file the amended complaint. Accordingly, Plaintiff has failed to prosecute his case and failed to comply with Court orders. Dismissal is, therefore, warranted.

Finally, it is worth noting, even if Plaintiff could properly raise facts to support these claims in a fourth amended complaint, it is futile to amend because his claims are now foreclosed by Eleventh Circuit precedent. Shortly after the Court issued its latest order to amend, the Eleventh Circuit determined that the statute requiring felons to pay their fines, fees, costs, and restitution before having their voting rights restored, did not violate the Equal Protection Clause. Jones v. Governor of Fla., Case No. 20-12003, 2020 U.S. App. LEXIS 28851 │ 2020 WL 5493770 (11th Cir. Sept. 11, 2020). "Fees and costs imposed in a criminal sentence are not taxes under the Twenty-Fourth Amendment." Id., 2020 U.S. App. LEXIS 28851, *51. Moreover, it is well settled that section 2 of the Fourteenth Amendment provides that the Equal Protection Clause permits States to disenfranchise all felons for life, even after they have completed their sentences." Id, at *24 (citing Richardson v. Ramirez, 418 U.S. 24, 54-56 (1974)).

### III.  Conclusion and Recommendation

It is respectfully RECOMMENDED that Plaintiff's complaint be DISMISSED for failure to comply with court orders pursuant to Fed. R. Civ. P. 41(b) and N.D. Fla. L. R. 41.1 and for want of prosecution. See also Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) ("While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion."). It is further recommended that the case be CLOSED.

IN CHAMBERS at Tallahassee, Florida, on October 14, 2020.

> **/s/ Martin A. Fitzpatrick**
> **MARTIN A. FITZPATRICK**
> **UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).